■ In the Matter of Arbitration between NIAGARA FRONTIER TRANSPORTATION AUTHORITY, Appellant, and INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, LOCAL 2028, Respondent. (Appeal No. 1.) [887 NYS2d 917]—Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered December 10, 2008 in a proceeding pursuant to CPLR article 75. The order, insofar as appealed from, granted respondent's cross motion to compel arbitration of a second grievance.

It is hereby ordered that said appeal is unanimously dismissed without costs.

Memorandum: Petitioner commenced this proceeding seeking to confirm an arbitration award with respect to a grievance, and respondent moved to compel arbitration of a second grievance. Petitioner contended in opposition to respondent's motion that it was not seeking to stay arbitration of the second grievance but, rather, it merely sought a determination that the same arbitrator who decided the first grievance should also decide the second grievance. By the order in appeal No. 1, Supreme Court granted the petition and, with respect to respondent's motion, the court agreed with petitioner that the same arbitrator should decide both grievances. By the order in appeal No. 2, the court

denied petitioner's motion that in effect sought leave to reargue respondent's motion in appeal No. 1. According to petitioner in appeal No. 2, the court should have denied respondent's motion to compel arbitration of the second grievance on the ground of res judicata. We conclude that both appeals by petitioner must be dismissed. Petitioner is not an aggrieved party with respect to appeal No. 1 because it obtained precisely the relief that it sought (*see* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488 [1978]) and, with respect to appeal No. 2, petitioner in effect moved for leave to reargue, and no appeal lies from an order denying that relief (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]). Present—Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.